THOMPSON, Judge,
dissenting.
I respectfully dissent.
This case turns upon the majority’s interpretation of language in a letter authored by Bob Prescott and received by UAC. The language from the letter is quoted by the majority. I disagree, however, that the *565 letter gives notice to UAC that Bob Prescott became a “representative of record” and, therefore, was entitled to receive notices and orders. The UAC sent multiple notices to BellSouth at two separate addresses; one was BellSouth’s address of record in Atlanta, as required, by Fla.Admin.Code R. 38B-2.0022(1), and the other was Vickey’s former place of employment for BellSouth in Orlando. The record is clear that the notices were received at both addresses pursuant to Fla.Admin.Code R. 38E-5.015(1). The language in Bob Prescott’s letter which states “If you need additional information, please contact Bob Prescott, Manager-Human Resources at 205-985-6598 ...” (emphasis supplied) is insufficient to make him a “representative of record.” Since the record before this court shows that no additional information was needed by UAC, Bob Prescott was never contacted. Further, he never attempted to contact UAC after his initial correspondence.
I agree with the majority that a notice of appeal is sufficient to make the author a “representative of record” if the letter is clear and unambiguous. However, not only is the language in the letter by Bob Prescott ambiguous and inartfully drafted, it is also insufficient to designate him as a “representative of record” entitled to receive notices and orders. To rule otherwise imposes a burden upon UAC that is neither required by the rules nor the Florida Statutes. Finally, I cannot help but comment that BellSouth, a corporation that markets itself as the paradigm for sharing information electronically through various telecommunication devices, appears unable to receive important data in two separate locations and transmit the data to a third location in a timely fashion. I would affirm.